## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ANDREW D. WETZEL**                                        **CIVIL ACTION**

**versus**                                                              **NO. 13-6201**

**JERRY GOODWIN, WARDEN**                        **SECTION: "N" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Andrew D. Wetzel, is a state prisoner incarcerated at the David Wade Correctional Center in Homer, Louisiana.  On December 9, 2008, he pleaded guilty under Louisiana law to one count of issuing worthless checks.  On that same date, he was sentenced to a term of two years imprisonment; however, it was ordered that the sentence be suspended and that he be placed on probation for two years.[1]  On October 29, 2009, his probation was revoked, and he was ordered

---

[1] State Rec., Vol. I of II, transcript of December 9, 2008;  State Rec., Vol. I of II, minute entry dated December 9, 2008.

to serve his original two-year sentence.[2]  He thereafter sought state post-conviction relief on numerous occasions; however, none of those efforts were successful.

On September 15, 2013, petitioner filed the instant federal application for *habeas corpus* relief.[3]  In support of his application, he asserts the following claims:

1.  Petitioner's counsel was ineffective for failing (a) to object that the sentence did not conform to the plea agreement and (b) to file an appeal; and

2.  Petitioner's guilty plea was involuntary because he was misinformed as to the details of his plea agreement.

The state concedes that the application is timely; however, the state argues that the application should nevertheless be dismissed because petitioner's claims are unexhausted.[4]

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in the state courts before seeking *habeas corpus* relief from the federal courts.  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).  That requirement applies to *all levels of review in the state court system*, meaning that a petitioner's federal claim must have been "fairly presented" to "*each* appropriate state court (including a state

---

[2] State Rec., Vol. I of II, minute entry dated October 29, 2009.

[3] Rec. Doc. 1.

[4] Rec. Doc. 13, pp. 2-6.

supreme court with powers of discretionary review)." <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (emphasis added).

        The state argues that petitioner failed to exhaust his state court remedies with respect to the first part of his ineffective assistance claim, i.e. that his counsel was ineffective for failing to object that the sentence did not conform to the plea agreement claim. A review of the state court record does in fact show that, although petitioner asserted that claim in his writ applications filed with the Louisiana First Circuit Court of Appeal in case number 2013-KW-0101 and the Louisiana Supreme Court in case number 2013-KH-0630,[5] the claim was *not* included in the related underlying motion filed with the state district court.[6] Apparently recognizing the validity of the state's argument and wishing to avoid dismissal of his federal application on that basis, petitioner has filed a motion with this Court asking to withdraw his unexhausted claim.[7] It is clear that a petitioner may avoid dismissal of a mixed petition by "amending or resubmitting the habeas petition to present only exhausted claims to the district court." <u>Rose v. Lundy</u>, 455 U.S. 509, 510 (1982); <u>see also</u> <u>Neslo v. Cain</u>, No. 97-31025, 1998 WL 546499, at *1 (5th Cir. Aug. 10, 1998) ("Prisoners who submit mixed petitions are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims."). Accordingly, it is recommended that petitioner's request to withdraw his

---

[5] Copies of those writ applications appear in Volume II of the state court record.

[6] State Rec., Vol. I of II, "Motion to Set Aside of Withdraw Guilty Plea & Reinstate Appeal Rights."

[7] Rec. Doc. 18.

unexhausted claim, i.e. that his counsel was ineffective for failing to object that the sentence did not conform to the plea agreement, be granted.

The state also argues that petitioner's remaining claims, i.e. that his counsel was ineffective for failing to file an appeal and that his guilty plea was involuntary because he was misinformed as to the details of his plea agreement, are unexhausted because his Louisiana First Circuit Court of Appeal writ application asserting those claims was untimely filed. Under Louisiana law, a litigant normally has only thirty days to seek review by a Court of Appeal. Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; <u>see also</u> <u>Melancon v. Kaylo</u>, 259 F.3d 401, 404 (5th Cir. 2001). As the state notes in its response in this federal proceeding, petitioner's writ application in case number 2013-KW-0101 does not appear to have been filed with the Court of Appeal within that thirty-day period, in that the district court denied relief on November 21, 2012, but the writ application was not even signed until December 25, 2012. However, that does not necessarily mean that the writ application was untimely, because the thirty-day rule is "not without exceptions." <u>Grillette v. Warden, Winn Correctional Center</u>, 372 F.3d 765, 770 n.5 (5th Cir. 2004). In light of that fact, and because the Court of Appeal denied the application with no indication that the writ application was untimely filed, this Court simply cannot assume that the Court of Appeal found that the writ application was untimely under state law. <u>See</u> <u>Stewart v. Cain</u>, 428 Fed. App'x 489, 490 (5th Cir. 2011); <u>Grillette</u>, 372 F.3d at 775 ("[W]hen the denial of an application is based on untimeliness, Louisiana courts routinely and unmistakably indicate so in their opinions. Thus, had the Louisiana Court of Appeal decided to reach the merits of the application notwithstanding a determination that the application was untimely, it appears that the court would have indicated any

such untimeliness in its opinion." (citations omitted)).  Accordingly, the Court rejects the state's contention that petitioner's remaining claims are unexhausted on that basis.

That said, despite the fact that those claims appear to be exhausted, relief should nevertheless be denied on an alternative basis.  Specifically, it is clear that the remaining claims are procedurally barred for the following reasons.[8]

The United States Fifth Circuit Court of Appeals has held:

> A claim that a state has withheld a federal right from a person in its custody may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision.  To satisfy the "independent" and "adequate" requirements, the dismissal must "clearly and expressly" indicate that it rests on state grounds which bar relief, and the bar must be strictly or regularly followed by state courts, and applied to the majority of similar claims.  This rule applies to state court judgments on both substantive and procedural grounds.

Finley v. Johnson, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted).

With respect to petitioner's exhausted claims, the Louisiana Supreme Court clearly denied those claims on procedural grounds, specifically citing La. Code Crim. P. article 930.8 and State *ex rel.* Glover v. State, 660 So.2d 1189 (La. 1995).[9]  Article 930.8 sets forth the limitations

---

[8] The state does not raise the procedural bar; however, it is clear that a federal *habeas* court has the discretion to raise a procedural default *sua sponte*.  Prieto v. Quarterman, 456 F.3d 511, 518 (5th Cir. 2006); Magouirk v. Phillips, 144 F.3d 348, 357-58 (5th Cir. 1998).  Accordingly, petitioner is hereby specifically instructed that this Report and Recommendation is notice to him that this Court is *sua sponte* raising the procedural bar. See Prieto, 456 F.3d at 519; Magouirk, 144 F.3d at 359.

[9] State *ex rel.* Wetzel v. State, 119 So.3d 601 (La. 2013) (No. 2103-KH-0630); State Rec., Vol. II of II.

period for filing applications for post-conviction relief, while the <u>Glover</u> decision held that an appellate court is not precluded from denying relief pursuant to article 930.8 even if the lower court did not consider timeliness.  It is beyond cavil that article 930.8 and the <u>Glover</u> decision qualify as independent and adequate rules to support a procedural bar in federal court.  <u>Glover v. Cain</u>, 128 F.3d 900, 902 (5th Cir. 1997); <u>see also</u> <u>Morris v. Cain</u>, No. 06-30916, 2008 WL 3876479 (5th Cir. Aug. 20, 2008); <u>Pineyro v. Cain</u>, 73 Fed. App'x 10, 11 (5th Cir. 2003); <u>Tolbert v. Cain</u>, Civ. Action No. 08-435, 2009 WL 1309851, at *2 (M.D. La. May 11, 2009); <u>Lott v. Travis</u>, Civ. Action No. 08-1390, 2008 WL 4964797, at *7-8 (E.D. La. Nov. 18, 2008); <u>MacCracken v. Louisiana</u>, Civ. Action No. 07-9540, 2008 WL 2951214, at *10 (E.D. La. July 25, 2008).[10]

Because petitioner's exhausted claims were denied based on independent and adequate state procedural rules, federal review of those claims "is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice." <u>Hughes v. Johnson</u>, 191 F.3d 607, 614 (5th Cir. 1999).  In the instant case, petitioner demonstrates neither.

---

[10]   The Court is aware that petitioner argues that the state court misapplied article 930.8, opining that he had filed a motion to withdraw his guilty plea and that the referenced article simply does not apply to such a motion. Rec. Doc. 14, p. 2.  As an initial matter, it is noted that article 930.8 is a provision of state law and, as such, its interpretation is generally left to the state courts. <u>See, e.g.</u>, <u>Hill v. Tanner</u>, Civ. Action No. 12-369, 2012 WL 4059899, at *11 n.41 (E.D. La. July 5, 2012), <u>adopted</u>, 2012 WL 4059898 (E.D. La. Sept. 14, 2012).  Second, in any event, petitioner's argument has no merit.  Because he had already been sentenced, his opportunity to file a true motion to withdraw his plea had passed and, accordingly, his request was necessarily considered to be an application for post-conviction relief. <u>See, e.g.</u>, <u>State v. Stewart</u>, 902 So.2d 440, 447-48 (La. App. 5th Cir. 2005); <u>see also</u> <u>Shelton v. Leblanc</u>, Civ. Action No. 05-1852, 2005 WL 3543949, at *6 (E.D. La. Nov. 21, 2005).  Therefore, his motion, regardless of how he styled it, was subject to the rules for seeking post-conviction relief, including the limitations period provided in article 930.8. <u>State ex rel. Chauvin v. State</u>, 814 So.2d 1 (La. App. 1st Cir. 2000).

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).  Here, petitioner has made no attempt to establish cause for the failure to raise these claims in a timely manner.  "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

Because petitioner has not met the "cause and prejudice" test, this Court need consider his exhausted claims only if the application of the procedural bar would result in a "fundamental miscarriage of justice."  However, in order to establish that there would be a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him.  Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted).  Petitioner has not made that showing.  To the contrary, he has under oath admitted his guilt by pleading guilty to the charge of which he stands convicted, and he has in no way demonstrated that he is actually innocent.  See, e.g., Lott v. Hargett, 80 F.3d 161, 166 (5th Cir. 1996); Hill v. Tanner, Civ. Action No. 12-369, 2012 WL 4059899, at *12 (E.D. La. July 5, 2012), adopted, 2012 WL 4059898 (E.D. La. Sept. 14, 2012); Weathersby v. Louisiana, Civ. Action No. 08-3729, 2010 WL 4022804, at *3 (E.D. La. Sept. 14, 2010), adopted, 2010 WL 4000602 (E.D. La. Oct. 8, 2010).  Therefore, he has not established that any miscarriage of justice will result from the application of the procedural bar.

## <u>RECOMMENDATION</u>

Accordingly, **IT IS RECOMMENDED** that petitioner's motion to withdraw his unexhausted claim, Rec. Doc. 18, be **GRANTED**.

**IT IS FURTHER RECOMMENDED** the petitioner's remaining claims for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[11]

New Orleans, Louisiana, this tenth day of February, 2014.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.